IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**NELLIUD TORRES, ET AL.,**

    Plaintiffs,

        v.

**COMMONWEALTH OF PUERTO RICO, ET AL.**

    Defendants.

CIVIL NO. 14-1229 (PG)

**OPINION AND ORDER**

After securing a favorable ruling from the Department of Education of Puerto Rico ("DOE") in administrative case number 2011-068-022, Nelliud Torres and Noemi Lopez (hereinafter, the "plaintiffs") filed this action against the Commonwealth of Puerto Rico and the DOE (collectively, the "defendants") pursuant to the attorney's fees provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 et seq. See Docket No. 1. Plaintiffs seek reimbursement of the attorney's fees, costs and expenses incurred in the administrative proceedings before the DOE,[1] as well as the instant action.

Before the court is plaintiffs' motion for judgment (Docket No. 21), their verified complaint, in which they seek an award of $15,572.80 in attorney's fees and costs (Docket No. 1); the defendants' opposition memorandum (Docket No. 10), and plaintiffs' reply thereto (Docket No. 14). The Court **GRANTS** plaintiffs' motion for judgment and **GRANTS IN PART** the plaintiffs' request for attorney's fees and expenses for the reasons explained below.

**I. BACKGROUND**

Plaintiffs are the parents and legal guardians of A.T.L., a ten-year old child diagnosed with Severe Kanner Autism. The complaint states that as a child with educational disabilities, A.T.L. is qualified to receive free appropriate public education and related services provided by the DOE.[2] See Docket No. 1. On June 9, 2011, plaintiffs filed an

---

[1] Their request encompasses the fees and expenses related to an appeal before the Puerto Rico courts seeking judicial review of the initial adverse decision issued by the DOE dismissing the administrative complaint.

[2] A.T.L. is registered with the DOE as a child with disabilities.

administrative complaint with the DOE, requesting, *inter alia*, reimbursement of private school tuition fees and A.T.L.'s adequate educational placement and designation in a public school. After a hearing, the DOE's administrative judge denied the remedies sought by plaintiffs and dismissed the complaint. Plaintiffs successfully appealed the DOE's decision before the Puerto Rico Court of Appeals and the case was remanded to the DOE with instructions. On January 28, 2013, the administrative judge issued a final resolution ordering the DOE to provide all of the remedies, services and payments requested in the plaintiffs' administrative complaint. See Docket No. 1 at ¶ 12.

Having prevailed, plaintiffs filed the above-captioned complaint requesting an award of attorney's fees, costs and related expenses under § 1415(i)(3)(B) of the IDEA. Together with the complaint, the plaintiffs submitted invoices[3] setting forth the hours expended by attorneys Michelle Silvestriz-Alejandro ("attorney Silvestriz") and Daniel Villarini-Baquero ("attorney Villarini"), calculated at an hourly rate of $150 for each attorney, for a total of $14,340 in attorney's fees, plus $1,232.80 in related expenses.[4] See Docket No. 1-6. As to the attorney's fees for the services rendered in connection with the instant case, the plaintiffs ask the court to grant the award it deems reasonable. Docket No. 14 at page 9.

On August 5, 2014, the defendants filed a memorandum in opposition, challenging the reasonableness of the plaintiffs' fee request on two grounds. See Docket No. 10. They first argue that the hourly rate of $150 requested for attorney Silvestriz exceeds the prevailing community rate for services rendered by attorneys of reasonably comparable skill, reputation and experience. Id. at page 5. Second, the defendants contend that the invoice submitted by the plaintiffs, see Docket No. 1-6, contains several "duplicative and/or excessive" time-entries. Docket No. 10 at pp. 6-8. Therefore, they ask that a downward adjustment of forty (40) per cent

---

[3] For purposes of the analysis set forth herein, the court relied on the updated invoice filed at Docket No. 1-6, which included the services rendered by plaintiffs' attorneys up to March 2014.

[4] After carefully reviewing the invoice at Docket No. 1-6, the court first notes that the total amount of $14,340 in attorney's fees has been divided as follows: **$11,700** for the work performed by attorney Silvestriz, and **$2,640** for the work performed by attorney Villarini. In addition, the total amount of related expenses included in the invoice - $1,069.20 - is incorrect. After adding the amounts itemized therein, the court arrived at a total of **$1,232.80** in expenses. Docket No. 1-6 at pp. 5-6.

be applied to the total amount of attorney's fees requested for said time-entries. Id. at pp. 7-9.

## II. DISCUSSION

### A. Attorney's Fees under IDEA

Per the so-called "American Rule," litigants must generally bear their own fees and costs absent explicit statutory authority. See Baker Botts v L.L.P. v. ASARCO LLC, 135 S.Ct. 2158, 2164 (2015); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602, 121 S.Ct. 1835 (2001). However, Congress has created an exception for prevailing parties in IDEA cases, authorizing an award of attorney's fees as part of the costs. 20 U.S.C. § 1415(i)(3)(B); see also Maine Sch. Adm. Dist. No. 35 v. Mr.R., 321 F.3d 9, 14 (1st Cir.2003)(noting that "Congress sometimes chooses to allow for fee-shifting in particular situations, and it chose to do so in connection with the IDEA."). In pertinent part, IDEA provides that the court "in its discretion may award reasonable attorney's fees as part of the costs--to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B).

A party achieves "prevailing party" status under IDEA where there is (1) a material alteration of the legal relationship between the parties; (2) actual relief on the merits for the party seeking attorney's fees; (3) a judicial imprimatur on the change. See Smith v. Fitchburg Pub. Sch., 401 F.3d 16, 22)(1st Cir.2005); Doe v. Boston Pub. Sch., 358 F.3d 20, 29-30 (1st Cir.2004)(holding that the Buckannon fee-shifting provision applies to IDEA); Rodriguez v. Puerto Rico, 764 F.Supp.2d 338, 342 (D.P.R.2011)(citation omitted); see also Davis v. District of Columbia, 71 F.Supp.3d 141, 147 (D.D.C.2014)(stating that the Buckannon standard applies to administrative hearings under IDEA even though the relief granted is administrative and not judicial).

Here, it is undisputed that after an unfavorable ruling dismissing the administrative complaint, the plaintiffs sought judicial review before the Puerto Rico Court of Appeals. Upon remand, plaintiffs obtained actual relief on the merits via the final resolution issued in administrative case number 2011-068-022. See Docket No. 1-7. There, the administrative judge ordered the DOE to provide, cover and reimburse all of the services incurred in and requested by plaintiffs. The court therefore finds that

the aforementioned facts, which the defendants do not challenge, provide the necessary judicial imprimatur to cement the plaintiffs' prevailing party status within the meaning of Section 1415(i)(3)(B). Consequently, an award of reasonable attorney's fees in their favor is appropriate.

### B. Lodestar Calculation

Once the party seeking attorney's fees comes across the prevailing party threshold, the court must determine the reasonable fee. See Comm'r, INS v. Jean, 496 U.S. 154, 161, 110 S.Ct. 2316 (1990). In a fee-shifting case such as the instant one, the court follows the lodestar method for determining the reasonable amount of a fee award. See Diaz v. Jiten Hotel Management, Inc., 741 F.3d 170, 173 n. 1 (1st. Cir.2013)(citations and internal quotation marks omitted). "The lodestar is the product of the hours reasonably worked times the reasonably hourly rate(s)." Gross v. Sun Life Assur. Co. of Canada, 763 F.3d 73, 86 (1st Cir.2014)(citation and internal quotation marks omitted). "In crafting its lodestar, the trial court may adjust the hours claimed to remove time that was unreasonably, unnecessarily or inefficiently devoted to the case … ." De Jesus Nazario v. Morris Rodriguez, 554 F.3d 196, 207 (1st Cir.2009).

The inquiry does not end there, as there are remaining considerations that may lead the district court to adjust the fee upward or downward. See Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331 336(1st Cir.2008)(indicating that the adjustment of the lodestar itself may be based on several different factors, among which are the time and labor actually required in order to effectively handle the matter). After calculating the hours reasonably expanded on the case, the court multiplies the same by the attorney's hourly rate. See Santiago v. Commonwealth of Puerto Rico, No. 08-1832 (ADC), 2010 WL 3419985, at *2 (D.P.R. Aug. 26, 2010)(so noting). The burden falls on the party seeking relief to submit evidence justifying the fee request. Id.; see Spooner v. EEN, Inc., 644 F.3d 62, 68 (1st Cir.2011)(explaining that to meet this burden, a party is required to submit appropriate supporting documentation, which may "include[] counsel's contemporaneous time and billing records and information establishing the usual and customary rates in the marketplace for comparably credentialed counsel")(citation omitted).

*1. Hourly Rate*

The lodestar method requires that the hourly rate applied by the court be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Tejada-Batista v. Fuentes-Agostini, 263 F.Supp.2d 321, 327 (D.P.R.2003)(quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). In identifying the reasonable hourly rate, "the court may reply upon its own knowledge of attorneys' fees in the community." Rodriguez v. International College of Business and Technology, Inc., 356 F.Supp.2d 92, 96 (D.P.R. 2005)). Similarly, the IDEA specifies that the fees awarded should be based on the prevailing community rates in which the action arose for the kind and quality of services furnished. See 20 U.S.C. § 1415(i)(3)(C). "Because this action arose in Puerto Rico, the Court shall consider Puerto Rico to be the relevant community for purposes of determining fees." Gonzalez v. Puerto Rico, 1 F.Supp.2d 111, 115 (D.P.R.1998).

Plaintiffs propose a rate of $150 per hour for attorney Silvestriz, an attorney with thirteen (13) years of experience, focusing her practice on special education law since 2009.[5] See Docket No. 14 at pp. 3-4. Plaintiffs assert that said rate is reasonable given the attorney's experience, the nature of the case and the prevailing community rate. Id. Defendants, on the other hand, argue that aforesaid proposed rate is excessive due to attorney Silvestriz' limited experience in IDEA cases, or alternatively, that the prevailing rate in the community of $125 per hour warrants a reduction in the fee request.

In support of their argument, the defendants point to the case of Rosa Lydia-Vélez v. Socorro-Lacot, NO. KLCE200700613, 2007 WL 4270696 (P.R. Cir. Oct. 16, 2007), a class-action IDEA suit in which the Puerto Rico Court of Appeals established the award of attorney's fees at an hourly rate of $125. In so doing, the Court of Appeals relied upon a 1993 Circular Memorandum from the Puerto Rico Governor's Office, where $125 per hour was set as the ceiling rate at which local government agencies should contract for legal services. This court has previously considered – and rejected – the DOE's reliance on that case for IDEA fees purposes, explaining that "under the IDEA we are to determine the prevailing rate by

---

[5] Attorney Silvestriz Alejandro successfully represented the plaintiffs in the underlying litigation before the DOE and the Puerto Rico Court of Appeals. See Docket No. 1.

reference to same kind and quality of services furnished according to 20 U.S.C.A. § 1415(i)(3)(C)…." Rodriguez, 764 F.Supp.2d at 343-344.

Defendants nevertheless contend that insofar as attorney Silvestriz rendered services during administrative proceedings before a Puerto Rico agency, the hourly rate established in Lydia-Velez governs. Docket No. 10 at page 5. The Court disagrees. After a careful review of the applicable statutory and case law, we remain unconvinced that the rates that Puerto Rico was willing to pay outside contractors for legal representation more than two decades ago should determine the rate for litigating IDEA claims, be it before a local agency or this court.

The defendants also argue that plaintiffs have not submitted sufficient evidence to establish the appropriate market rate for attorney Silvestriz, or a list of federal cases accepting the proposed rate. See id. at page 4. Nonetheless, plaintiffs' rectified any evidentiary shortcomings of that nature in their reply memorandum by providing ascertainable information regarding attorney Silvestriz' experience, training and knowledge in the field, in addition to a list of the of the special education cases litigated by her since 2009. See Docket No. 14 at page 3. Upon review of that documentation, the court finds that the rate of $150 per hour charged by attorney Silvestriz is appropriate and in line with the hourly rate for attorneys in the Puerto Rico community with comparable experience and expertise. See Fontanillas-Lopez v. Morel Bauza Cartagena & Dapena LLC, 59 F.Supp.3d 420, 426 (D.P.R.2014)(finding that the hourly rate of $150 charged by counsel with thirty-three (33) years of experience is appropriate, if not at the lower end for attorneys in the Puerto Rico community with comparable experience and expertise; but equating $185 hourly rate charged by counsel with less experience to $150); Hernandez-Melendez v. Puerto Rico, Civil No. 3:14-cv-01493 (JAF), 2014 WL 4260811, at *2 (D.P.R. Aug. 29, 2014)(finding hourly rate of $150 requested by attorney in IDEA case is appropriate, if not at the lower end for attorneys in the Puerto Rico community with comparable expertise and experience); Guillemard-Ginorio v. Contreras, 603 F.Supp.2d 301, 317 (D.P.R.2009)(finding reasonable hourly rate of $155 for attorney with 10 years of experience).

In addition, the plaintiffs propose a rate of $150 per hour for attorney Villarini Baquero, who has represented the plaintiffs in the instant litigation. The defendants do not challenge the reasonableness that rate. Upon review of the record before us, the court deems the same as appropriate, if not at the lower end for attorneys in the Puerto Rico community with comparable experience and expertise.

### *2. Number of Hours*

Next, the defendants challenge the reasonableness of the total amount of time expended by the attorneys in performing duplicative or similar work or work that, according to them, would take attorneys of similar experience less time to perform. See Docket No. 10. They request a downward adjustment of 40 per cent with respect to the total amount of hours expended on the following entries, which would represent a reduction of $3,864 as applied to the attorneys' hourly rate of $150:[6]

| Description | Date | Hours | Total |
|---|---|---|---|
| *Attorney Silvestriz* | | | |
| Draft of administrative complaint | 6/7/11 | 3.50 | 525.00 |
| Draft and review of Opposition to Motion in Compliance of Order and to Request Hearing Transfer. | 8/25/11 | 0.80 | 120.00 |
| Draft and review of Motion to Disclose Plaintiffs Evidence. | 9/15/11 | 1.10 | 165.00 |
| Legal research of applicable federal and state statutes and regulations, exam of plaintiffs file and preparation of direct examination. | 9/20/11 | 3.60 | 540.00 |
| Review and analysis of hearing recordings in preparation of motion for reconsideration. | 10/2/11 | 2.20 | 330.00 |
| Draft and review Motion for Reconsideration of Judgment. | 10/17/11 | 3.00 | 450.00 |
| Legal research regarding administrative review jurisprudence and scope and limits of judicial review of administrative decisions and IDEA jurisprudence. | 11/14/11 | 4.20 | 630.00 |
| Review of file, documents and initial draft of principal appeal brief. | 11/15/11 | 6.70 | 1,005.00 |
| Final draft and review of appeal brief. | 11/17/11 | 7.70 | 1,155.00 |
| Receipt and review of hearing transcripts sent by stenographer. | 11/25/11 | 2.00 | 300.00 |
| Draft and review of Judgment Draft as requested by administrative judge. | 11/17/12 | 3.40 | 510.00 |

---

[6] All time entries are stated in 0.10 increments. This means that the client is billed every six minutes or 0.10 of an hour.

| Description | Date | Hours | Total |
|---|---|---|---|
| ***Attorney Villarini*** | | | |
| Initial review of administrative file of attorney Michelle Silvestriz in order to identify and document legal services provided and expenses incurred. | 2/4/14 | 4.70 | 705.00 |
| Draft and review of invoice specifying all legal services provided and expenses. | 2/7/14 | 3.90 | 585.00 |
| Review of additional documents and amendment of invoice. | 2/18/14 | 1.50 | 225.00 |
| Initial draft of Federal Complaint to request attorney fees. | 2/21/14 | 2.00 | 300.00 |
| Final draft and review of Complaint to request attorney fees under IDEA. | 3/3/14 | 2.20 | 330.00 |
| Preparation of Summons, Civil Cover Sheet, Category Sheet, Current Address Notice to be filed with Complaint. | 3/5/14 | 1.40 | 210.00 |

The defendants also dispute the following time-entries:

| Description | Date | Hours | Total |
|---|---|---|---|
| ***Attorney Silvestriz*** | | | |
| Meeting with Noemi Lopez and Nelliud Dario Torres in preparation for administrative hearing. | 8/8/11 | 1.20 | 180.00 |
| Review of file in preparation for administrative hearing. | 8/8/11 | 1.60 | 240.00 |
| Meeting with Noemi Lopez and Nelliud Dario in preparation for administrative hearing. | 9/20/11 | 0.80 | 120.00 |
| Attended Hostos Private School in order to have meeting with Academic Director School Principal. Discussed possible school services to plaintiff and his disposition to testify as witness. | 10/12/12 | 2.70 | 405.00 |
| Meeting with Noemi Lopez in preparation for administrative hearing. | 10/30/12 | 1.40 | 210.00 |
| Review of file and direct examination of plaintiff and expert witness in preparation for administrative hearing. | 10/30/12 | 2.80 | 420.00 |

As previously noted, the court may exclude unnecessary or redundant hours in crafting the lodestar. See De Jesus Nazario, 554 F.3d at 207. The court may also consider the time and labor required; the novelty and difficulty of the legal issues; the skill and experience of the attorney; the customary fee; the amount involved and the results obtained; and

awards in comparable cases. See González, 1 F.Supp.2d at 114 (citation omitted). On the other hand, the party seeking the award of attorney's fees must "justify [his] claim by submitting detailed time records." Rodriguez, 764 F.Supp.2d at 345 (quoting Miller v. San Mateo-Foster City Unified School Dist., 318 F.Supp.2d 851, 865 (N.D.Cal.2004)). The First Circuit has explained that fee awards require supporting documents that set forth a "full and specific accounting of the tasks performed, the dates of performance, and the number of hours spent on each task." Weinberger v. Great Northern Nekoosa Corp., 925 F.2d 518, 526 (1st Cir.1991)(internal citations omitted). The First Circuit has further stated that "if time records are too generic then the lack of specificity can as a practical matter make it too difficult to permit a court to answer questions about excessiveness, redundancy, and the like. In that event, the court may either discount or disallow those hours." Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir.2008).

Although the defendants argue that the invoice submitted by plaintiffs is unreasonable with respect to the entries indicated above, it is unclear to the court *how* exactly these are excessive or duplicative. Up to March 2014, the attorneys had invested less than 100 hours in the case, with attorney Silvestriz billing a total of $11,700, and attorney Villarini a total of $2,640. See Docket No. 1-6 at pp. 4-6. Considering the procedural background of the case, the amount of hours involved – 97.40 to be exact -, and the results obtained, the court finds that the entries in question are more than reasonable. Moreover, after reviewing the invoices on record, the court concludes that they are sufficiently detailed as to meet the plaintiffs' burden. As such, it is unnecessary to adjust the disputed entries.

### C. Attorney's Fees - Federal Complaint

Plaintiffs' request attorney's fees for the services rendered in connection with the instant case. Docket No. 1. The invoice submitted by plaintiffs itemizes the work performed by attorney Villarini in order to file the federal complaint, as well as the expenses incurred in the case up until March 19, 2014. Docket No. 1-6. Plaintiffs ask the court to determine the amount of attorney's fees related to services rendered thereafter, including the filing of the reply memorandum, based on the

principle of reasonableness. Docket No. 14 at page 9. Plaintiffs, however, have failed to provide any record support to aid the court in such task. Insofar as we are unable to establish the amount of time expended for such tasks, plaintiffs' request is **DENIED WITHOUT PREJUDICE.**

### III.    CONCLUSION

For the reasons stated above, the court hereby **GRANTS** plaintiffs' motion for judgment (Docket No. 21) and **GRANTS IN PART** the plaintiffs' request for attorney's fees and related expenses under the IDEA (Docket No. 1). Plaintiffs are awarded **$14,340** in attorney's fees - $11,700 for attorney Silvestriz, and $2,640 for attorney Villarini - and **$1,232.80** in related costs and expenses.[7] Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, September 30, 2016.

                                        S/ JUAN M. PÉREZ-GIMÉNEZ
                                        **JUAN M. PEREZ-GIMENEZ**
                                        **SENIOR U.S. DISTRICT JUDGE**

---

[7] As previously noted, the expenses are itemized in the invoice submitted by the plaintiffs at Docket No. 1-6.